IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN SHARP, | ) |
| Plaintiff, | ) |
| vs. | ) |
| MAGISTRATE JUDGE AMY R. HAY, | ) Civil Action No. 07-1364 |
| Defendant. | ) Judge Arthur J. Schwab |

**MEMORANDUM ORDER**

For the following reasons, the "complaint" (document no. 2) will be dismissed before service for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the Prison Litigation Reform Act of 1995, or, in the alternative, the "complaint", entitled by Plaintiff as "Alternate Writ of Mandamus Optional Writ" (hereafter "Complaint"), will be dismissed for lack of subject matter jurisdiction.

Shawn Sharp (Plaintiff), currently incarcerated in SCI-Dallas, has filed a civil suit against United States Magistrate Judge Amy Reynolds Hay for actions taken by her in the course of judicial proceedings. Because Magistrate Judge Amy Reynolds Hay is absolutely immune from suit, the Complaint fails to state a claim upon which relief can be granted.

**1. Relevant Procedural History**

Plaintiff is currently incarcerated in SCI-Dallas. Plaintiff has filed motion to proceed in forma pauperis (IFP), and a declaration in support, which was executed on October 3, 2007, and received by the Clerk's Office on October 10, 2007. Plaintiff was granted IFP status by Order of

Court, dated October 11, 2007.  Thereafter Plaintiff's Complaint was filed on the same day.  In the Complaint, Plaintiff complained of actions taken by Magistrate Judge Amy Reynolds Hay in the case of <u>Shawn Sharp v. Johnson et al.</u>, No.  2000 CV 2156 (W.D. Pa.), which is a civil rights suit against state corrections department officials, alleging a violation of Plaintiff's First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act.  That case is scheduled to go to trial on Tuesday, October 16, 2007, before Magistrate Judge Amy Reynolds Hay because the case is before her on consent.

On September 20, 2007, Plaintiff filed in the <u>Johnson</u> case at Dkt. [124], a motion "To Produce Bond and Oath of Office," in which he requested that Magistrate Judge Hay produce to him certified copies of her oath of office and proof of bond.  By order dated September 25, 2007, Magistrate Judge Hay denied the Plaintiff's motion to produce bond and oath of office.  <u>Johnson</u>, Dkt. [127].

As a consequence thereof, Plaintiff has now filed the instant suit, alleging that Magistrate Judge Hay has failed to supply him with her oath of office and bond.  It is not entirely clear the exact nature of what Plaintiff has filed.  He does not specifically request money damages.  He also refers to "alternate writ of mandamus."  To the extent that this is a civil action seeking relief against Magistrate Judge Hay, it may be dismissed pre-service because it fails to state a claim upon which relief can be granted.  To the extent that it is a true mandamus petition, it should be dismissed for lack of jurisdiction.

**2. PLRA**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an

effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA in relevant part added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or  (2) seeks monetary relief from a defendant who is immune from such relief."  Plaintiff is a prisoner within the meaning of Section 1915A.[1]  Magistrate Judge Hay, as a member of the judiciary, constitutes "an employee of a governmental entity" within the meaning of the PLRA.  See, e.g., Sirbaugh v. Young, 25 Fed.Appx. 266 (6th Cir. 2001).[2]  Thus, the Court must screen

---

[1] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[2]  In Sirbaugh, a prisoner plaintiff sought to bring a civil rights suit against state judges and state judiciary employees who refused to waive filing fees for the prisoner-plaintiff in state court.  The Federal District Court screened the complaint pursuant to, inter alia, Section 1915A.  The Court of Appeals for the Sixth Circuit held such screening to be appropriate:

> First, a judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Second, judicial employees are immune from damages for the performance of quasi-judicial duties. *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988). From Sirbaugh's complaint, it is clear that the defendants--judges and court clerks--were performing their judicial and quasi-judicial duties when they interpreted Michigan law and declined to waive the appellate filing fee for Sirbaugh. Thus, Sirbaugh's complaint was subject to

this action pursuant to Section 1915A.  Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim but is required to do so. Nieves v. Dragovich, No. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. S 1997e©, the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In addition, the PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that–  (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (I) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status,  and is a prisoner within the meaning of 28 U.S.C. §1915.[3]  Thus, Section 1915(e)(2) is also applicable herein.  Moreover, not only is a court

---

dismissal under 28 U.S.C. §§ 1915(e)(2), **1915A(b)**, and 42 U.S.C. § 1997e(c) because it sought monetary relief from defendants who are immune from such relief.

Sirbaugh, 25 Fed.Appx. at 268-69 (emphasis added).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

In performing the court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g.,  Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See  Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

**Discussion**

A review of the Complaint in light of the above standards reveals that Plaintiff is seeking to hold Magistrate Judge Hay liable for actions taken by her in her judicial capacity in the

Johnson case.

The doctrine of judicial immunity bars this suit. The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam)("our cases make clear that the immunity is overcome only in two circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.") (citations omitted). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

In determining whether the challenged act is a "judicial act," the court asks two questions: 1) is the act a function normally performed by a judge and 2) did the party aggrieved by the challenged act deal with the judge in his judicial capacity. Id. at 12. Stump v. Sparkman, 435 U.S. 349, 362 (1978)("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").

In this case, Plaintiff complains about Magistrate Judge Hay's order denying his motion for her to produce her oath of office and bond. Such actions on the part of Magistrate Judge Hay, i.e., in denying a motion by a litigant, fall squarely within a function normally performed by a

judge. Thus, the first prong of the test for judicial immunity is met. At the time Magistrate Judge Hay denied Plaintiff's motion, Plaintiff was dealing with her as a Plaintiff in a civil suit who had addressed a motion to the judicial officer presiding over that suit. Thus, the second prong of the test for judicial immunity is likewise met here. There is no allegation, nor could any be entertained that Magistrate Judge Hay's actions in denying the motion was "without jurisdiction" so as to render the doctrine of judicial immunity inapplicable even if the denial of the motion was wrongful and/or violated the law. See, e.g., Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000)(failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Even an allegation that the judge committed an obvious procedural error is not enough. Stump, 435 U.S. at 358 ("a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Because the allegations of the Complaint regarding Magistrate Judge Hay's denial of Plaintiff's motion do not demonstrate that she is being sued for acts other than those taken in her judicial capacity, the Complaint should be dismissed against her.

In the alternative, to the extent that what Plaintiff has filed can be properly construed to be a mandamus petition,[4] it should be dismissed for lack of subject matter jurisdiction. The writ

---

[4] If this were a proper mandamus petition, it would not be subject to pre service dismissal pursuant to the PLRA. See Madden v.Myers, 102 F.3d 74, 78 (3d Cir. 1996)(*bona fide* mandamus petitions, regardless of the nature of the underlying actions, cannot be subject to the PLRA"). However, it would be subject to dismissal without prejudice for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), which provides that "**Whenever** it appears by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added). See also Zernial v. United States, 714 F.2d

of mandamus is an extraordinary remedy that is directed from a superior court to an inferior court. In re F.C.C., 217 F.3d 125, 133 (2d Cir. 2000), wherein the court explained that

> Mandamus is properly granted for two purposes:
> (1) Protection of a superior court's mandate, *see General Atomic Co. v. Felter*, 436 U.S. 493, 497, 98 S.Ct. 1939, 1941, 56 L.Ed.2d 480 (1978), to assure that "the terms of the mandate [are] scrupulously and fully carried out," and that the inferior court's "actions on remand [are] not ... inconsistent with either the express terms or the spirit of the mandate," *In re Ivan F. Boesky Sec. Litig. (Kidder, Peabody & Co. v. Maxus Energy Corp.)*, 957 F.2d 65, 69 (2d Cir.1992) (citation and internal quotation marks omitted); or
> (2) Restraining an inferior court from detours into areas in which it lacks jurisdiction (or, in some instances, forcing an inferior court to take an obligatory action), *see Ex parte Republic of Peru*, 318 U.S. 578, 583, 63 S.Ct. 793, 796-97, 87 L.Ed. 1014 (1943).

Presently, given that Plaintiff has consented to trial before Magistrate Judge Hay, the proper superior Court for purposes of mandamus is the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 636 (c)(3)(appeal properly lies to the Court of Appeals from a judgment entered by a Magistrate Judge in a case on consent before the Magistrate Judge); Ervin v. Roper, 153 Fed.Appx. 402, (8th Cir. 2005)("If a magistrate judge is assigned a case pursuant to 28 U.S.C. § 636(c), which requires the consent of both parties, the decisions of that judge may be appealed to the United States Court of Appeals in the same manner as if they are judgments of the district court."). Hence, the Complaint, filed in the District Court, should be dismissed for lack of subject matter jurisdiction.

---

431, 433-34 (5th Cir. 1983) (affirming a dismissal prior to service of process on the ground that "[s]ua sponte dismissal for lack of subject-matter jurisdiction is, of course, proper at any stage of the proceedings"); Franklin v. Oregon, 662 F.2d 1337, 1342 (9th Cir. 1981) ("In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements.").

In sum, based on the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted and thus, the Complaint should be dismissed or alternatively, the Complaint, construed, as a mandamus petition, should be dismissed, for lack of subject matter jurisdiction.

**SO ORDERED** this 12th day of October, 2007.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties